UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| STEVEN ALLEN McGEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-154 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

Steven Allen McGee is serving a prison sentence of 120 months imposed by Judge

Robert Holmes Bell on May 21, 2004.  The judgment of conviction is based upon Mr. McGee's entry

of a guilty plea to count 1 of the Indictment, which charged him with conspiracy to manufacture

marijuana.   21 U.S.C. §§ 841(a)(1), 846.   (*United States v. McGee*, case no. 1:01-cr-122).

Thereafter, Mr. McGee filed at least 34 *pro se* appeals of his criminal conviction in the Sixth Circuit

Court of Appeals. (Case nos. 04-1406, 04-1440, 04-1509, 04-1537, 04-1706, 04-1723, 04-1724, 04-

1728, 04-1729, 04-1730, 04-1731, 04-1732, 04-1734, 04-1735, 04-1736, 04-1737, 04-1744, 04-

1745, 04-1746, 04-1747, 04-1782, 04-1783, 04-1784, 04-1785, 04-2002, 04-2003, 04-2004, 04-

2005, 04-2006, 05-2198, 05-2207, 06-1010, 07-1008, 07-1009).   In each appellate case, the Court

of Appeals either affirmed Judge Bell's decision or dismissed the appeal as duplicative or for want

of prosecution.  The Supreme Court of the United States has denied numerous petitions for writs of

*certiorari* filed by Mr. McGee seeking review of his criminal conviction.  Mr. McGee has also

initiated a number of civil rights actions in this court against the state, local, and federal officers who

investigated his crimes or seized property for purposes of forfeiture.  *See, e.g., McGee v. Sheila Goodell*, case no. 4:04-cv-55).  Those actions have been unsuccessful, and the judgments entered by various district judges of this court have been affirmed on appeal, or the appeal has been dismissed.  *See, e.g., McGee v. Goodell*, no. 04-2503 (6th Cir. Apr. 28, 2006) (affirming Judge Quist's order of dismissal in case no. 4:04-cv-55).  Mr. McGee's purported civil rights action against Judge Bell was likewise dismissed.  (Case no. 1:04-cv-222).  On appeal, the Sixth Circuit Court of Appeals affirmed.  *McGee v. Bell*, case no. 04-1637 (6th Cir. Sept. 14, 2005).

Mr. McGee's latest foray into the civil litigation field involves his filing of civil actions in the United States District Court for the District of Columbia and the United States District Court for the Western District of Michigan.  On September 24, 2007, Mr. McGee filed a 52-page complaint in the United States District Court for the District of Columbia.  The complaint named the United States, as well as former Attorney General Alberto Gonzales, the former United States Attorney for this district and all assistants who worked on the prosecution against plaintiff, a number of DEA agents and deputy marshals, defense attorneys, Judge Bell, Magistrate Judge Carmody, Ronald Weston (the Clerk of this court) and other Clerk's Office employees, Circuit Judges Guy, Gillman, and Rogers, employees of the Clerk's Office of the United States Court of Appeals for the Sixth Circuit, and numerous other defendants.  The complaint alleges a "widespread conspiratorial enterprise" to deprive plaintiff of his constitutional rights and seeks relief under the Federal Tort Claims Act (FTCA).  On the day the complaint was filed, District Judge Richard Roberts found that venue was improper in the District of Columbia and ordered the matter transferred to this court pursuant to 28 U.S.C. § 1406(a).  Plaintiff, true to form, filed an appeal in the D.C. Circuit, which the appellate court construed as a petition for writ of mandamus.  By order entered February 5, 2008,

the D.C. Circuit denied mandamus relief, finding that the order of transfer was proper. (*In re Steven A. McGee*, no. 07-5376 (D.C. Cir. Feb. 5, 2008). The case was received by the Clerk of our court on February 19, 2008, and was assigned case no. 1:08-cv-154. By order entered March 26, 2008, I granted plaintiff's motion for leave to proceed *in forma pauperis* and established a payment schedule for the filing fee, as required by 28 U.S.C. § 1915(b)(1). (Order, docket # 31).

On January 25, 2008, before the District of Columbia case reached this court, plaintiff filed a 131-page complaint in this court, naming the United States, judges of this court, and other public and private individuals. *McKee v. United States*, case no. 1:08-cv-88. Some, but not all, of the defendants in this case were the same as those named in the District of Columbia case. The case filed in this court alleges RICO and other claims against the defendants. Plaintiff applied for leave to proceed *in forma pauperis* (docket # 14). By order entered March 26, 2008, I granted the motion for leave to proceed *in forma pauperis* and again established a payment schedule for the filing fee, as required by section 1915.

One month after he filed case no. 1:08-cv-88 (the RICO case), plaintiff filed an amended complaint in case no. 1:08-cv-154 (the FTCA) case. The amended complaint completely revised the nature of plaintiff's claims, by amending them to track, in essence, the allegations in case no. 1:08-cv-88. The amended complaint dropped the three circuit judges, as well as other parties, and now asserts similar RICO violations as the complaint in case no. 1:08-cv-88.

Presently pending before the court in this case is plaintiff's motion, captioned a "Motion for Reconsideration, Motion for Order to Show Cause, & Motion for Declaratory Judgment." (docket # 37). Judge Paul Maloney has referred the motion to me. Plaintiff's motion attacks the assessment of separate filing fees in this case and case no. 1:08-cv-88 on a number of

grounds, essentially alleging that they are now identical cases and that the imposition of separate filing fees is a violation of due process of law and evidence of this court's bias against him. Plaintiff's contentions are without merit.

The obligation to pay the full filing fee attaches at the time a complaint is filed.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  At the time this case was filed in the District of Columbia, plaintiff incurred the obligation to pay the full filing fee.  *Id.*  The law is clearly established that subsequent events do not abate the obligation to pay the fee.  *See In re Alea*, 286 F.3d 378 (6th Cir. 2002).  Hence, plaintiff's decision to amend his complaint in the present case to track the allegations in case no. 1:08-cv-88 had no effect on this obligation.  Indeed, had plaintiff voluntarily dismissed the present case, his obligation to pay the fee would have stood unchanged. *See Alea*, 286 F.3d at 381 (The obligation to pay the full filing fee under § 1915(b) arises at the time a civil complaint is filed, "and the subsequent dismissal of the action, even if voluntary, does not negate that obligation.").   Consequently, the amendment of the complaint is irrelevant to the obligation to pay the fee.

Plaintiff also suggests that his motion to consolidate these actions should have been granted and that consolidation should have somehow eliminated the obligation to pay the fee.  This is also specious.  As noted, the obligation to pay the full fee arises at the time of filing and is unaffected by subsequent events.  *Alea*, 286 F.3d at 381 ("Filing occurs when the complaint is delivered to the district court clerk, and the obligation to pay the filing fee arises at that time.") (citation omitted).  Furthermore, plaintiff's argument proceeds on the erroneous assumption that a consolidation of cases merges two civil actions into a single case.  This is simply incorrect. Consolidation does not merge the two suits into a single case.  *Johnson v. Manhattan Ry. Co.*, 289

U.S. 479, 496-97 (1933); *Kraft, Inc. v. Local Union 372, Int'l Bhd. of Teamsters*, 683 F.2d 131, 133 (6th Cir. 1982). Hence, the cases keep their separate identities after consolidation. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 412 (6th Cir. 1998). Therefore, whether the motion to consolidate is granted or denied, plaintiff remains responsible for the filing fee in both cases.

It was plaintiff (not this court) who decided to file similar cases in two different courts. No provision of federal law relieves a plaintiff from the obligation of paying the filing fee on a second case which, in the plaintiff's estimation, is so similar to the first that a second filing fee should not be necessary. Plaintiff's due process and Eighth Amendment challenges to the imposition of a second filing fee are frivolous in the circumstances of this case. Plaintiff has no one to blame but himself for the imposition of two filing fees.

Plaintiff seeks the issuance of an order to show cause, seeking an evidentiary hearing to determine "the existence of a constitutional controversy" regarding the imposition of a second filing fee. This request, like the rest of plaintiff's submission, is plainly meritless. The Sixth Circuit Court of Appeals has resolved all constitutional challenges to the validity of the Prison Litigation Reform Act and its requirement that prisoners pay the initial filing fee according to a schedule set forth in the statute. *See Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997); *see also Wilson v. Yaklich*, 148 F.3d 596, 604-05 (6th Cir. 1998). Plaintiff's criticism of the Sixth Circuit's decision in *Hampton v. Hobbs* as erroneous and illogical does not undermine the precedential weight of that opinion or allow this court to ignore that case's binding holdings.

Plaintiff chose to initiate two separate civil actions in two separate district courts. By filing these actions, plaintiff became responsible for the payment of a filing fee by virtue of 28 U.S.C. § 1915(b). None of plaintiff's arguments would allow this court to ignore the statute or the

-5-

binding authority of the Sixth Circuit cases decided thereunder.   Plaintiff's motion for reconsideration, and his request for an order to show cause and a declaratory judgment concerning the illegality of the filing fee requirement, are meritless and will be denied.


Dated:  April 29, 2008                              /s/  Joseph G. Scoville                              
                                                              United States Magistrate Judge