UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN MCGEE #10511-040, | Case No. 1:08-cv-154 |
| Plaintiff, | HON. PAUL L. MALONEY |
| v. | Magistrate Joseph G. Scoville |
| UNITED STATES OF AMERICA *et al.*, | |
| Defendants. | |

**OPINION and ORDER**

**Overruling the Plaintiff's Objections;**

**Adopting the R&R as to All Matters Except State-Law Claims;**
**Declining Supplemental Jurisdiction over State-Law Claims**

**Dismissing without Prejudice All Claims Against Non-Michigan-Resident Sixth Circuit**
**Employees, for Lack of Personal Jurisdiction and Venue;**

**Dismissing All Other Federal Claims With Prejudice**
**for Failure to State a Claim and Frivolousness;**

**Issuing a "Third Strike" under 28 U.S.C. § 1915(g);**
**Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed as frivolous and malicious. Plaintiff filed objections, which the court treats as timely.[1]

---

[1] "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v.*

**The court finds the R&R to be well-reasoned and is unconvinced by McGee's objections. First, for the reasons explained by the R&R, the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) bars at least McGee's claims relating to** ineffective assistance of counsel, prosecutorial misconduct, withholding of exculpatory evidence, the validity of the guilty plea or plea agreement and subsequent sentencing proceedings, judicial and judicial staff error and misconduct, and the unconstitutionality and impropriety of the criminal forfeiture of his real property and personal property. *See* R&R at 9-12. The Magistrate Judge correctly notes that a prisoner's federal civil-rights action

> is barred (absent invalidation [of the plaintiff's convictions or sentence]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Odom v. Smith*, 2009 WL 125286, *2 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). The *Heck* bar applies wherever success of the action would affect "the duration of the prisoner's sentence", *Odom*, 2009 WL 125286 at *3 (citing, *inter alia*, *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004)), i.e., with or without vacating the conviction(s) themselves.

Although perhaps most often applied to bar actions under 42 U.S.C. § 1983, the *Heck* doctrine bars federal civil-rights claims under other statutes as well if their success would imply the invalidity of a conviction or any part of a sentence. For example, *Heck* bars such claims if brought under 42 U.S.C. §§ 1985 and 1986. *Bradstreet v. Calhoun Cty. Bd. of Comm'rs.*, 2008 WL 5083532, *6 (W.D. Mich. Nov. 26, 2008) (Maloney, C.J.) (citing *Lanier v. Bryant*, 332 F.3d 995, 1005-06 (6th Cir. 2003) (applying *Heck*

---

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

*Accord US v. Hinman*, 2005 WL 958395, *2 (N.D. Iowa Apr. 22, 2005) ("The parties are cautioned that they must file new objections to this Report and Recommendation. They may not incorporate their previous objections by reference."), *R&R adopted sub nom. US v. Dose*, 2005 WL 1806414 (N.D. Iowa July 28, 2005).

to § 1985 action)).

And, as the Magistrate Judge notes, federal courts have consistently recognized that claims brought under RICO, the Federal Tort Claims Act, or *Bivens* claims are no exception to the *Heck* rule. *See also Paulus v. Light*, No. 96-2355, 121 F.3d 709, 1997 WL 461498, *1 (6th Cir. Aug. 12, 1997) (p.c.) (Keith, Siler, Moore) ("Paulus' civil RICO claim is likewise barred by *Heck*.");[2] *Johnston v. Sanders*, 86 F. App'x 909, 912 (6th Cir. 2004) (p.c.) (Merritt, Sutton, E.D. Mich. D.J. John Feikens) ("This court has extended *Heck* to *Bivens* actions. Thus, Johnston cannot challenge a disciplinary proceeding resulting in a loss of good-time credits in a *Bivens* action because his disciplinary conviction has not been has not been reversed.") (citing *Edwards v. Balisok*, 520 U.S. 641, 646 (1997));[3] *Bradshaw v. Jayaraman,* No. 98-6710, 205 F.3d 1339, 1999 WL 1206870, *2 (6th Cir. Dec. 9, 1999) (p.c.) (Ryan, Suhrheinrich, W.D. Mich. D.J. Bell) ("[A]s to the FTCA . . . claims . . . , the district court properly dismissed the complaint as frivolous because Bradshaw essentially challenges his conviction.").[4]

---

[2]

***Accord** Oberg v. Asotin Cty.*, 2009 WL 186135, *1 (**9th Cir.** Jan. 23, 2009) ("The district court properly dismissed [state prisoner]'s claims alleging **a racketeering conspiracy** and challenging the tri-state investigation, because success on those claims would necessarily imply the invalidity of Oberg's Oregon convictions, and Oberg fails to demonstrate that the convictions have been overturned.") (citing *Heck*, 512 U.S. at 483-84);

*Moore v. Guesno*, 301 F. App'x 17, 18 (**2d Cir.** 2008) (affirming district court's dismissal of RICO claim on grounds that it was barred by *Heck* and also lacked merit);

*Belk v. Millers Mut. Group of Ins. Cos.*, 2007 WL 1385366, *1 (**N.D. Ind.** May 8, 2007) ("*Heck v. Humphrey* requires that Mr. Belk first obtain a finding or judgment setting aside his conviction before the court may entertain his RICO damage claims.").

[3]***See also** Hamilton v. Reid*, 22 F. App'x 551, 552 (**6th Cir.** 2001) (p.c.) (Clay, Gilman, E.D. Tenn. D.J. Richard Allan Edgar) ("[T]he district court was correct that, to the extent this was **a *Bivens* action** for monetary damages, it was barred by the doctrine of *Heck* . . . .").

***Accord** Hutchinson v. US*, 2008 WL 5114582 (**D.S.C.** Dec. 2, 2008) (adopting R&R's recommendation that prisoner's *Bivens* and FTCA claims be dismissed as barred by *Heck*).

[4]
***Accord** Sandles v. USMS*, 2007 WL 4374080, *1 n.3 (**E.D. Mich.** Oct. 18, 2007) (M.J.) ("The *Heck*

**McGee contends that even if many of his other claims are barred by *Heck*, his Fourth Amendment unlawful search-and-seizure claim is not.** *See* McGee's Objections at 41 ("[W]hen a defendant is convicted pursuant to his guilty plea rather than at trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized.") (citing *Haring v. Prosise*, 462 U.S. 306, 321 (1983)).

At least three panels of the Sixth Circuit have applied *Heck* to bar Fourth Amendment claims that a search was unlawful and/or that evidence was unlawfully seized. *See Campbell v. Putnam*, 38 F. App'x 298, 300 (6th Cir. 2002) (p.c.) (Martin, Keith, Kennedy) ("In his *Bivens* complaint, Campbell complained that a search of his business violated the Fourth Amendment . . . . Each of Campbell's claims, if successful, would imply the invalidity of his criminal conviction. They therefore do not provide a cognizable basis for relief in this civil-rights actions, as Campbell has not shown that his convictions were" invalidated.) (citing *Heck*, 512 U.S. at 487, and *Robinson*, 142 F.3d at 906-07); *Goree v. Painter*, No. 99-5993, 234 F.3d 1268, 2000 WL 1679427, *1 (6th Cir. Oct. 31, 2000) (p.c.) (Daughtrey, Clay, E.D. Mich. D.J. Cohn) ("Goree alleged that [DEA Agent] presented perjured testimony which formed the basis of a criminal complaint that was issued against Goree. * * * [T]he district court properly dismissed the complaint pursuant to *Heck*."). Likewise, in *Jacob v. Township of West Bloomfield*, 531 F.3d 385 (6th Cir. 2008), *reh'g & reh'g en banc denied* (6th Cir. Nov. 25, 2008), the panel noted, "On a prior appeal, we held

---

principle has been extended to . . . FTCA claims.") (citing, *inter alia*, *Blakely v. US*, 276 F.3d 853, 866 (6th Cir. 2002)), *aff'd*, 2007 WL 4374077 (E.D. Mich. Dec. 10, 2007) (D.J. Borman);

*Maxwell v. US*, 2007 WL 3189470, *1-2 (**N.D. Ohio** Nov. 19, 2007) (Peter Economus, J.) (dismissing FTCA claim and noting, "[A] prisoner may not raise claims in a tort action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless [it] has been set aside.") (citing *Heck*, 512 U.S. at 485, and *Edwards*, 520 U.S. at 646);

*Hatcher v. Shelton*, 2008 WL 4107761, *6 (**E.D. Tenn.** Aug. 28, 2008) (J. Ronnie Greer, J.) (dismissing prisoner's FTCA claim because it was barred by *Heck* and because plaintiff failed to exhaust administrative remedies with regard to such a claim).

that any Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea and incarceration were precluded by *Heck* . . . , on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Id.* at 388. The decision of the panel in the first *Jacob* appeal, however, was unpublished and hence also not binding precedent. *See Jacob v. Township of West Bloomfield*, 192 F. App'x 330 (6th Cir. 2006) (Suhrheinrich, Rogers, Cook).

But another panel reached the opposite conclusion where the plaintiff had pled guilty. *See Harper v. Jackson*, 293 F. App'x 389 (6th Cir. 2008) (Cook, J., joined by Gilman, J., with Merritt, J., concurring separately) (holding that drug-possession convictions of § 1983 plaintiff would not be impugned by success of Fourth Amendment claim contending that police obtained evidence illegally, because the evidence was still admissible under the doctrine of inevitable discovery and the *Leon* good-faith exception).

Because the panels did not vote to publish *Campbell*, *Goree*, *Harper*, and the first *Jacob* appeal in the Federal Reporter (F.3d), they are not binding precedent on either side of this issue. *See Griffin v. Reznick*, – F. Supp.2d –, –, 2008 WL 4741738, *12 n.12 (W.D. Mich. Oct. 28, 2008) (Maloney, C.J.) ("Unpublished decisions of the Circuit . . . do not bind any court.") (citing *Williams v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 n.4 (6th Cir.) (Richard Allen Griffin, J.), *cert. denied sub nom. Welshhans v. Aetna Life Ins. Co.*, – U.S. –, 128 S.Ct. 671 (2007)); *see also Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 680 n.5 (W.D. Mich. 2007) (Maloney, J.) (citing 6TH CIR. R. 206(c)).

**In any event, the posture of this case obviates the need for this court to decide the issue today. Even if the Fourth Amendment claim were not barred by *Heck*, it would be barred as untimely, as discussed below,** so McGee's *Heck* objection is unavailing. *See, e.g., Smiles v. City of Grand Rapids*, 2008 WL 5071723, *3 (W.D. Mich. Nov. 24, 2008) (Maloney, C.J.) ("Objecting to . . . the R&R, Smiles contends that *Heck* does not bar his claims for false arrest, false imprisonment, or malicious prosecution / abuse of legal process because, *inter alia*, 'favorable termination of [the] prior proceeding is not an

5

element of abuse of a legal process.' Whether or not *Heck* bars these claims, however, they accrued too long ago to be timely under the applicable statute of limitations . . . , so they still must be dismissed for failure to state a claim."). On the issue of the Fourth Amendment claim's untimeliness, *see Micklin v. Goodell*, 2008 WL 58985,*3 (W.D. Mich. Jan. 3, 2008) (Quist, J.) ("Plaintiff's Fourth Amendment illegal search and seizure claim accrued no later than August 2, 2001. Under the reasoning expressed in *Wallace* [*v. Kato*, – U.S. –, 127 S.Ct. 1091 (2007)] and *Fox* [*v. DeSoto*, 489 F.3d 227, 234 n.3 (6th Cir. 2007) (holding that search-and-seizure claim accrued at time of search and seizure], plaintiff could have filed his § 1983 suit at that time and then stayed the civil action until the criminal case ended.").

**McGee objects that his claims challenging the forfeiture of his property are not subject to *Heck*.** He contends that "[a] 'sentence' of forfeiture was clearly not part of a defendant's conviction or sentence of imprisonment contemplated by the Supreme Court in *Heck v. Humphrey*. McGee's Objections at 42. McGee relies on *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir.1999), where a Sixth Circuit panel stated, "Proof of the illegality of the conviction is a necessary element of a § 1983 cause of action, of course, only when, as the *Schilling* Court also quoted from *Heck*, the § 1983 plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment." But the *Shamaeizadeh* panel's inadvertent use of the words "conviction *or imprisonment*" rather than the correct "conviction or *sentence*" was contrary to clear United States Supreme Court precedent and, presumably, inadvertent. The proper standard was set forth in *Heck* itself, where Justice Scalia wrote for the majority, "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by *actions whose unlawfulness would render a conviction or sentence invalid*, a [federal civil-rights] plaintiff must prove that the conviction or sentence" has been invalidated. *Heck*, 512 U.S. at 486-87.

If McGee were challenging a *civil* forfeiture, he might have a colorable argument that *Heck* would not apply. In *Blakely v. US*, 276 F.3d 853 (6th Cir. 2002), our Circuit stated that a party's

> reliance on *Heck* is misplaced. Plaintiffs' current claim is not based on an improper or

6

>illegal conviction. The present claim is based on an allegedly improper civil forfeiture. The forfeiture and the conviction are two separate proceedings that require different levels of proof and the vacation of Plaintiffs' criminal conviction does not require a conclusion that the civil forfeiture was also improper.

*Id.* at 866. In McGee's case, by contrast, the forfeiture did not take place in a separate civil proceeding, governed by the lower preponderance-of-the-evidence standard that typically prevails in civil cases. The forfeiture took place in the criminal proceeding, and it was occasioned and authorized by McGee's plea of guilty to criminal charges and the execution of a written plea agreement. In short, it was a *criminal*, not a civil, forfeiture. Unlike *Blakely*, success on McGee's challenge to the forfeiture would necessarily render the forfeiture component of his sentence invalid. *Accord Rashid v. US*, 205 F. App'x 952, 953 (3d Cir. 2006) (p.c.) (Fisher, Aldisert, Weis) ("As we recognized in Rashid's prior appeal, the order of criminal forfeiture is part of Rashid's sentence. Consequently, a judgment in his favor would necessarily imply the invalidity of his sentence. Accordingly, we will affirm the district court's dismissal of the action [under *Heck*].") (citing 18 U.S.C. § 928(a)(1) and quoting *Libretti*, 516 U.S. at 38-39 ("[f]orfeiture is an element of the sentence imposed following conviction")); *Penland v. Carolina First Bank*, 2008 WL 1736858, *4 (D.S.C. Apr. 15, 2008) (citing *Heck*, court held, "To the extent the defendant's seizure of the plaintiff's motor home and contents therein was authorized by the Orders of Forfeiture entered against the plaintiff in Criminal No. 7:05-710, the above-captioned case is subject to summary dismissal because a right of action has not yet accrued. * * * The plaintiff has not demonstrated that the forfeiture order against his property" has been invalidated . . . ."); *Powell v. Keller*, 2007 WL 4139645, *1-2 (W.D.N.C. Nov. 15, 2007) (citing *Heck*, court stated, "[I]t is well settled that before the plaintiff can recover damages for an [sic] forfeiture of the subject property, or can seek to have that property returned, he must first prove that the resulting convictions and sentences have been" invalidated or at least called into question by a federal court's issuance of habeas relief), *app. dis.*, 274 F. App'x 330 (4th Cir.), *cert. den.*, – U.S. –, 129

7

S.Ct. 270, *reh'g den.*, – U.S. –, 129 S.Ct. 678 (2008).[5]

**Lastly on this issue, McGee seems to object that application of *Heck* to bar many of his claims somehow constitutes inappropriate judicial activism.** His objection is unclear, proffers no binding case law against the application of *Heck* under these circumstances, and identifies no specific deficiencies in the Magistrate Judge's reasoning:

> Plaintiff also objects to Magistrate Scoville's assertions, in attempting to apply a Heck v Humphrey rationale that a convicted prisoner cannot assert claims that challenge the validity of his conviction, to the Plaintiff's RICO and Federal Tort Claims allegations, as being erroneous applications of law that are Constitutionally bankrupt. It doesn't really matter what other Circuits and lower courts have held; a court cannot extrapolate a common-law rule to over[r]ide the clear language of a statute, as the Supreme Court has reiterated countless times.
>
>> "Whatever temptations the statesmanship of policymaking might wisely suggest, the judge's job is to construe the statute – not make it better.' . . . See United States v. Goldberg 168 US 95, 103, (1987) ('No mere omission . . . which it may seem wise to have specifically provided for, justi[fies[ any judicial addition to the language of the statute.')" Jones v. Bock, Warden 166 L Ed 798 (2007)
>
> 18 USC § 1964(c) RICO states:
>
>> "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore [sic] in any appropriate United States District Court . . ."
>
> No stretch of right-wing judicial activism can extend the Supreme Court['] flawed holdings

---

[5]

*Cf. Evers v. Outagamie Cty.*, No. 95-1323, 74 F.2d 1242, 1996 WL 11095, *1 (7th Cir. Jan. 9, 1996) (p.c.) (C.J. Posner, Fairchild, Ripple), where the panel cited both *Heck v. Humphrey* and the *Rooker v. Feldman* doctrine before stating, "In their second claim, the Evers alleged that in sentencing Anita Evers, a state court violated their constitutional rights . . . by ordering that a deed to a parcel of real property . . . be signed over to Outagamie County. This claim directly attacks state court judgments, and thus may not be heard in federal district court.");

*LeDuc v. Tilley*, 2005 WL 1475334, *5 (D. Conn. June 22, 2005) ("First, the Court questions whether Mr. LeDuc's § 1983 action concerning the forfeiture of his firearms is actually an indirect attack on his underlying criminal sentence. If it is, then this claim would also appear to be barred by *Heck*.") (citing *Jordan v. Appeldorn*, 2000 WL 1100786, *4 n.6 (E.D. Pa. Aug. 1, 2000) (declining to decide the issue)).

>in Heck v Humphrey, which would clearly only apply in any case to § 1983 suits, [not] to RICO or FTCA causes of action. The only way that the provisions of RICO or FTCA could be a[m]ended is through congressional action, or by the Supreme Court declaring the law unconstitutional; not by judicial fiat.

McGee's Objections at 47-48. To the extent that it is comprehensible, this objection lacks merit. Neither the R&R nor this court's opinion purports to amend RICO or the FTCA, nor does either decision have that effect. As for McGee's opinion that *Heck* is "flawed", the court reminds McGee that it is bound to adhere to holdings of the Supreme Court until and unless that Court overrules itself. The remainder of McGee's objection to the application of *Heck* focuses on irrelevant matters such as Congress's intent in enacting the FTCA and RICO, *see* McGee's Objections at 48-49; and makes additional accusations against the integrity of this District Court and the Magistrate Judge which do not identify any specific deficiencies in the R&R's factual findings or legal conclusions, *see id.* at 49-50. Finally, McGee contests the Magistrate Judge's jurisdiction and authority to issue an R&R in this matter without a specific order of reference or an evidentiary hearing, *see id.* at 50-51, but cites no case law for the propositions that (1) a standing order or local civil rule which automatically refers certain types of cases to the Magistrate Judge is unconstitutional or otherwise invalid, meaning that a specific order of reference is needed for each case or motion, or (2) a Magistrate Judge lacks the authority or discretion to issue an R&R without holding an evidentiary hearing, or that doing so violates the constitutional right to a jury trial.

**Second, for the reasons explained by the R&R at 13-14, McGee's RICO claim lacks merit and is barred by the four-year limitations period in 18 U.S.C. § 1964(c).** A civil RICO claim requires proof of injury to the plaintiff's "business or property," *see Bridge v. Phoenix Bond & Indem. Co.*, – U.S. –, –, 128 S.Ct. 2131, 2137-28 (2008) (discussing 18 U.S.C. § 1964(c)), and the only property which McGee has mentioned in connection with the RICO claim is the items that were forfeited to the federal government pursuant to his plea agreement. As the Magistrate stated, R&R at 13, McGee's RICO claim accrued when he knew or reasonably should have known of a RICO injury, *accord Barry Aviation, Inc.*

*v. Land O'Lakes Munic. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (Ripple, J.) (citing *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1460 (7th Cir. 1992)), and his motions in Case No. 1:2001-cr-122 challenging the forfeiture show that he was actually aware in the year 2002 that he had suffered an injury to his property.

**Third, for the reasons explained by the R&R at 14, McGee's *Bivens* claims are also untimely.** *Bivens* claims filed by prisoners incarcerated in Michigan are subject to Mich. Comp. Laws § 600.6805(10), the state's three-year statute of limitations governing personal-injury claims, *see Krygoski Const. Co. v. Johnson*, 2002 WL 1492204, *2 (W.D. Mich. Apr. 23, 2002) (Quist, J.) (citing *Kurinsky v. US*, 33 F.3d 594, 599 (6th Cir. 1994) and *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989)), and his *Bivens* claims against the investigating, arresting and seizing officers and the federal prosecutors accrued no later than his indictment in May 2001 and his sentencing in May 2004, respectively.

**Fourth, for the reasons explained by the R&R at 14-16, McGee's FTCA claims are untimely.** The FTCA provides that before McGee could assert a claim in court, as 28 U.S.C. § 2401(b) required him to present each tort claim against the federal government in writing to the appropriate federal agency within two years after the claim accrued, *Ellison v. US*, 531 F.3d 359, 362 (6th Cir. 2008) (Sutton, J.) (citation omitted). The court must apply this time limit strictly because the FTCA is a waiver of sovereign immunity, and "[a]ny statute waiving the United States' sovereign immunity is strictly construed." *Rosema v. Potter*, 2008 WL 4426335, *9 (W.D. Mich. Sept. 26, 2008) (Enslen, J.) (citing *US v. King*, 395 U.S. 1, 4 (1969)).

McGee presents evidence that he filed an administrative claim with the U.S. Department of Justice ("DOJ") in September 2006 and another with the U.S. Supreme Court in January 2007, *see* Am Comp Exs. B & D, both more than two years after the federal sentencing court entered final orders of forfeiture in 2001. McGee claims that he did not discover the existence of the FTCA claim regarding the forfeiture, but that claim is foreclosed by the numerous motions he filed in the year 2002 challenging the forfeiture.

Failure to exhaust the administrative remedies required by the FTCA deprives the court of jurisdiction, and the court lacks discretion to excuse the failure. *See, e.g., North Shore Strapping Co., Inc. v. US*, 92-3730, 992 F.2d 1217, 1993 WL 141054, *3 (6th Cir. Apr. 30, 1993) (p.c.) (Norris, Siler, E.D. Ky. D.J. Hood) (rejecting plaintiff's argument that "its failure to comply strictly with the FTCA's claim provisions did not prejudice the government, while dismissal of this lawsuit would seriously damage" the plaintiff, the panel held, "the administrative claim procedure described in [28 U.S.C.] § 2675 is jurisdictional") (quoting *Exec. Jet Aviation, Inc. v. US*, 507 F.2d 508, 514 (6th Cir. 1974)).

**McGee objects that all applicable statutes of limitations should be equitably tolled, but** he fails to make a clear argument and fails to cite any authority for the proposition that equitable tolling is warranted on facts similar to these. At the outset, the court rejects McGee's notion that there is a rebuttable presumption *in favor of* equitable tolling. *See* McGee's Objections at 45-46 (mischaracterizing *Glarner v. US*, 30 F.3d 697 (6th cir. 1995) (quoting *Irwin v. Williams*, 498 U.S. 89, 95 (1990)). McGee may be taking out of context decisions which recognize a presumption that equitable tolling is *theoretically available, upon the right showing by the party seeking to toll*, under any federal statute of limitations. *See, e.g., Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499 (3d Cir. 1998) (referring to "the well-established principle of law that equitable tolling doctrines are 'read into every federal statute of limitation'" and stating that "[t]his strong presumption may only be rebutted if 'Congress expressly provides to the contrary in clear and unambiguous language.'") (quoting *Holmberg v. Armbrecht*, 327 U.S. 382, 396-97 (1946) and *Atlantic City Elec. Co. v. Gen. Elec. Co.*, 312 F.3d 236, 241 (2d Cir. 1962), respectively).

On the contrary, this court must follow our Circuit's admonition that district courts should only sparingly grant equitable tolling, *Miller v. Davis*, 2009 WL 311135, *4 (W.D. Mich. Feb. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Solomon*, 467 F.3d at 933); *see also Chavez v. Carranza*, – F.3d –, –, 2009 WL 670022, *3 (6th Cir. Mar. 17, 2009) (<u>Siler</u>, McKeague, E.D. Mich. D.J. Ludington); *Warren v.*

11

*US*, 71 F. Supp.2d 820, 823 and n.4 (S.D. Ohio 1999) (calling equitable tolling "exceedingly rare relief" and referring to the "high hurdle" that a party must surpass to show his entitlement to such relief). To override the strong presumption against equitable tolling, McGee must show that (1) "'he has been pursuing his rights diligently'" and (2) "'some extraordinary circumstance stood in his way", *Freeman v. Rapelje*, 2008 WL 4613068, *4 (W.D. Mich. Oct. 14, 2008) (Maloney, C.J.) (citing *Lawrence*, – U.S. at –, 127 S.Ct. at 1085).

Other than purporting to incorporate by reference an entire prior brief dealing with limitations issues, *see* Objections at 6-7 and 43, which is ineffective as a specific objection, McGee argues with little clarity and persuasive force as follows:

> * * * [T]he plaintiff has extensively pleaded, both within the Complaint itself, and in an entire Motion at Dct. #27 devoted to the applicability of statutes of limitations, that the principles of equitable tolling of fraudulent concealment and continuing torts apply to the Causes of Action within the Complaint.
>
> Despite the plaintiff's pleadings that equitable tolling applies, Magistrate Scoville never addressed equitable tolling in his Report & Recommendation. So how could the Court determine that the "defect is obvious", unless it just totally ignores the arguments presented by the Plaintiff, which are backed up by solid evidence in his Appendix of Exhibits?
>
> A large part of the Plaintiff's equitable tolling arguments rests on the events that occurred in 2005 and 2006, while the plaintiff while on direct Appeal; in the collaboration of AUSA Shekmar and the Clerk's Office for the Sixth Circuit in removing filed Motions from the Appellate record in violation of 18 USC § 2071. Those alleged actions constituted the continuing torts of fraudulent concealment, abuse of process, and, more importantly in regard to the RICO allegations[,] additional predicate criminal acts . . . .  * * *
>
> Those additional predicate acts and continuing torts of fraudulent concealment and abuse of process occurring in 2006 are not merely alleged in the Complaint, but substantiated by U.S. Postal receipt Exhibits [citing am Comp Exs. X, AA and CC], and the Affidavit of Notary Public Charles Smith Dct. #36. Will the Court then declare that the Plaintiff's assertions of equitable tolling and continuing torts are time-barred by an "obvious defect", in effect calling Charles Smith a liar and ignoring the postal evidence, without conducting an evidentiary hearing in this matter?

McGee's Objections at 43-44. "A party may not simply refer to, and purport to incorporate, arguments, evidence, or authorities from earlier filings in this case or other cases. [The] objection document could and

12

should have articulated each argument in full and cited all appropriate authority." *Smith v. Konteh*, No. 1:2005-cv-494, 2009 WL ___, *__ (W.D. Mich. Mar. 23, 2009) (Maloney, C.J.).[6] McGee could and should have pinpointed the evidence or language from each document which he believed supports his equitable-tolling argument. "It is not the court's job to scour earlier filings for reasoning or citations that [McGee] failed to include in [his] objections, and the court will not do so." *Andreas v. SSA*, 2009 WL 427377, *2 (W.D. Mich. Feb. 18, 2009) (Maloney, C.J.) (citations omitted).

Vague invocations of prior filings do not constitute a sufficient objection, because they do not carry McGee's burden of identifying a deficiency in the Magistrate's reasoning by explaining *what was done, when it was done, by whom it was done, and specifically how it prevented McGee in the exercise of due diligence from timely filing each of his various claims*. See *Castleberry v. Neumann Law, P.C.*, 2008 WL

---

[6]

*See, e.g., Deihl v. SSA*, 2008 WL 408463, *2 and n.3 (W.D. Mich. Feb. 12, 2008) (Maloney, J.) ("A party does not state a 'specific' objection by merely incorporating by reference the arguments made in prior briefs, by asserting that he has carried his burden on the point in question, or by complaining that . . . the magistrate judge 'should have' found his arguments persuasive. * * * 'The District Court need not provide *de novo* review where objections to th[e] report and recommendation are frivolous, conclus[ory], or general.'") (quoting *US v. Jones*, 2007 WL 4591915, *10 n.5 (E.D. Tenn. Dec. 14, 2007)) (other citations omitted);.

*Accord Foster v. Ameriquest Mortgage*, 2009 WL 646420, *2 (E.D. Mich. Mar. 11, 2009) (adopting R&R without review, noting, "Plaintiff does not list specific objections . . . . Instead, [he] merely attempts to reassert his claims for relief. * * * 'Overly general objections do not satisfy the objection requirement.'") (quoting *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006));

*Miller v. Palmer*, 2008 WL 4457838, *2 (E.D. Mich. Sept. 30, 2008) ("An objecting party may not simply 'incorporate by reference' earlier pleadings; similarly[,] merely reproducing an earlier unsuccessful motion . . . is not a sufficient objection to the magistrate judge's analysis, and will ordinarily be treated by the court as an unavailing general objection.") (citing *Howard v. HHS*, 932 F.2d 505, 508 (6th Cir. 1991)), *recon. denied*, 2008 WL 5102254 (E.D. Mich. Dec. 1, 2008);

*Johnson v. Mati*, 2006 WL 3147738, *1 (E.D. Mich. Oct. 31, 2006) (same);

*US v. Hinman*, 2005 WL 958395, *2 (N.D. Iowa Apr. 22, 2005) ("The parties are cautioned that they must file new objections . . . . They may not incorporate their previous objections by reference."), *R&R adopted sub nom. US v. Dose*, 2005 WL 1806414 (N.D. Iowa July 28, 2005).

5744179, *9 (W.D. Mich. July 9, 2008) (Maloney, J.) ("Castleberry has not carried his burden of showing a basis on which to equitably toll . . . . It is not enough for Castleberry to make the general conclusory assertion that Neuman has been deceptive throughout the dispute over his alleged debt to H&S. Rather, *he must show specifically what Neumann did or said that prevented him from timely filing the FDCPA claim.*") (emphasis in original). The mere facts that McGee was incarcerated, or had criminal appeals in progress, or supposedly believed that Judges Enslen and Quist for some reason would not want him to file a civil action while his criminal appeals were pending, *see* McGee's Objections at 45 and 46, do not constitute extraordinary circumstances justifying his very late assertion of the instant claims in this court.

**Fifth, the R&R at 16-17 suggests that McGee's state-law claims are barred by Michigan's three-year statute of limitations governing injuries to person or property.** The court declines to adopt this portion of the R&R, because the better practice is to decline supplemental jurisdiction over McGee's state-law claims. Our Circuit has applied this rule in this exact context, stating,

> Although the district court properly dismissed the federal [*Bivens* and FTCA] claims [under *Heck*], the court erred by holding that *Heck* barred the state law claims of breach of contract and legal malpractice. The district court should not have ruled on the state law claims, but instead should have declined to exercise jurisdiction over them.  * * *
> * * *
> Accordingly, the district court's judgment is affirmed in part, vacated in part, and remanded for the purpose of remanding the state law claims . . . to the state court.

*Bradshaw v. Jayaraman,* No. 98-6710, 205 F.3d 1339, 1999 WL 1206870, *2 (6th Cir. Dec. 9, 1999) (p.c.) (Ryan, Suhrheinrich, W.D. Mich. D.J. Bell) (citing *UMWA v. Gibbs*, 383 U.S. 715, 726 (1966)). Unlike *Bradshaw*, this case was not originally filed in state court and then "removed" to federal court by the defendants. Rather, McGee originally filed this action in this court. Accordingly, remand to state court is not an option, and the court will merely dismiss McGee's state-law claims without prejudice to his right to bring those claims in Michigan state court.

**Sixth, for the reasons explained by the R&R at 17-21, Judge Quist is entitled to absolute judicial immunity for his alleged wrongdoing in connection with *McGee v. Goodell*, No. 4:2004-cv-55,**

14

**because there is no suggestion that he acted in the absence of all jurisdiction to hear that case or performed non-judicial tasks.** *See Nicklay v. Hoffman*, 2008 WL 2224114, *2-3 (W.D. Mich. May 29, 2008) (Maloney, J.) ("Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. * * * There is no doubt that presiding over the criminal proceedings was a judicial act and that Judge Hoffman was acting within his jurisdiction in doing so."). Allegations of bad faith, malice, and unethical conduct are not enough to defeat absolute judicial immunity. *See Kovats v. State of Michigan*, 2008 WL 2095423, *4 (W.D. Mich. May 16, 2008) (Maloney, J.) (citing *Mireles*, 502 U.S. at 11-12, and *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)).

   **Likewise, as suggested by the R&R at 21, Ron Weston, the former Clerk of Court for this court, is entitled to quasi-judicial absolute immunity against McGee's claims.** While Weston was "not a judicial or quasi-judicial officer but a court employee serving the judge and assisting in his judicial work," our Circuit has held that absolute judicial immunity "'extend[s] to non-judicial officers who perform quasi-judicial duties'", defined as "'tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Jonaitis v. Morrison*, 2008 WL 151252, *3 (W.D. Mich. Jan. 14, 2008) (Maloney, J.) (quoting *Johns v. Bonnyman*, 109 F. App'x 19, 21 (6th Cir. 2004) (quoting *Bush v. Rauch*, x38 F.3d 842, 847 (6th Cir. 1994))). Weston's alleged wrongdoing occurred, if at all, during his performance of just such quasi-judicial duties – refusing to docket, or docketing but later permanently removing, McGee's filings – at the direction of or under the authority of Judge Quist. *See, e.g., Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (p.c.) (Boggs, Moore, W.D. Mich. D.J. Bell) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction.") (citing *Mullis v. U.S. Bankr. Ct. for the D. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)); *Jonaitis*, 2008 WL 151252 at *3 with n.5 (collecting unpublished Sixth Circuit decisions from 1986, 1989, 1997 and 2003, and Michigan district-court decisions from 2003 and 2005, holding that court clerk was entitled to absolute

15

immunity for failing or refusing to file, process, or acknowledge documents submitted by plaintiff).

**Seventh, for the reasons explained by the R&R at 21-22, the claims against Sixth Circuit deputy clerks and staff attorneys, Am Comp ¶¶ 198-222, must be dismissed without prejudice for lack of personal jurisdiction.** It is undisputed that those individuals work in the federal courthouse in Cincinnati – which is in southern Ohio, just across the Ohio River from Kentucky, hundreds of miles from the Michigan border – and McGee has not alleged that those individuals live or conduct business in Michigan. In short, McGee has not alleged facts sufficient to create any reason to think that the Sixth Circuit employees, who are presumably Ohio and Kentucky residents and not Michigan residents, are subject to either general jurisdiction or limited/specific jurisdiction in a Michigan court. *See generally State Farm Mut. Auto. Ins. Co. v. Carter*, 2008 WL 5740100, *4 (W.D. Mich. Oct. 28, 2008) (Maloney, C.J.) ("Personal jurisdiction is either general jurisdiction, where the defendant has 'systematic and continuous' contacts with the forum State, or limited jurisdiction, where the subject matter of the lawsuit is related to defendant's contacts with the forum State.") (citing, *inter alia*, *Perkins v. Consol. Mining Co.*, 342 U.S. 437, 445-47 (1952) and *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)).

McGee's objection on the issue of personal jurisdiction over these Sixth Circuit defendants is conclusory and therefore unavailing. In its entirety, his objection on this issue reads as follows: "As cited in Supreme Court, and Sixth Circuit precedents (See Youn v. Track), all that is necessary to establish personal jurisdiction is one contact (phone, fax, letter, e-mail) in the charging venue." McGee's Objections at 44. Neither *Youn* nor any other U.S. Supreme Court or U.S. Court of Appeals decision stands for the broad, unqualified proposition that one such contact necessarily, or even *usually*, establishes sufficient minimum contacts with the forum State to support personal jurisdiction. McGee provides no analysis, let alone comparison of these defendants' contacts with Michigan to contacts which Supreme Court, Sixth Circuit, or even Michigan state-court decisions have held to justify a Michigan court's

16

exercise of personal jurisdiction over a non-resident party.

**Eighth, for the reasons explained by the R&R at 22, McGee's conditions-of-confinement and access-to-court claims against the Director of the Federal Bureau of Prisons ("BOP") and officials of the Allenwood Correctional Facility in Pennsylvania, Am Comp ¶¶ 223-246, must be dismissed without prejudice for lack of personal jurisdiction.** As for the Director of the BOP, the BOP's Central Office is in Washington, D.C., *see* http://www.bop.gov/about/co/index.jsp, and the Northeast Region, which includes Pennsylvania, does not include Michigan, *see* http://www.bop.gov/locations/maps/NER.jsp, so there cannot be any Northeast Region offices in Michigan, either. Both Allenwood, Pennsylvania, and Washington, D.C., are hundreds of miles from the Michigan border, and McGee has not alleged that the Director of the BOP or any of the Allenwood FCI officials live or conduct business in Michigan. In short, McGee has not alleged facts sufficient to create any reason to think that the BOP Director (who is presumably a resident of Washington D.C., Virginia, or Maryland), or the Allenwood officials (who are presumably Pennsylvania residents), are subject to either general or specific jurisdiction in a Michigan court. *See generally Glasman, Edwards, Wade & Wyatt, P.C. v. Wolf, Haldenstein, Adler, Freeman & Herz, LLP*, – F. Supp.2d –, –, 2009 WL 604920, *8 (W.D. Tenn. Mar. 10, 2009) (discussing in more detail the showing that a plaintiff must make to establish general or specific jurisdiction).

**Finally, as suggested by the R&R at 22-23, McGee's fifth count, relating to a motion to return property (a forfeited savings account and two pieces of real estate) is barred by *res judicata*.** In *US v. McGee*, Case No. 1:2001-crim-122 (W.D. Mich.), then-Chief Judge Robert Holmes Bell thrice denied McGee's motion for return of said property, and the Sixth Circuit dismissed his appeal from those orders in 6th Cir. Case No. 04-1706. In a separate appeal, 6th Cir. Case No. 04-1406, the Sixth Circuit upheld the final orders of forfeiture. This court is bound to respect those determinations by Judge Bell and the Sixth Circuit under the doctrine of *res judicata*, because all four elements of the doctrine are satisfied: (1) a final

17

decision on the merits in a prior action by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) the subsequent action raises issues that were actually litigated, or which should have been litigated, in the prior action; and (4) an identity of the prior cause of action and the current cause of action. *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, – F. App'x –, –, 2009 WL 129584, *5 (6th Cir. Jan. 20, 2009) (Martin, Griffin, 8th Cir. J. John Gibson) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006)). *See, e.g., NLRB v. Jackson Hosp. Corp.*, 557 F.3d 301, 310 n.3 (6th Cir. 2009) ("The question of whether or not Ritchie was a supervisor is a question about the merits of whether or not there was a violation in the first place . . . . And we are barred from rehearing that question under *res judicata* principles because it was already decided by the D.C. Circuit.").

## ORDER

The plaintiff's objections [document # 64] are **OVERRULED**.

The R&R [document # 56] is **ADOPTED in part** and **REJECTED in part.**

The R&R is REJECTED in this respect:

Pursuant to 28 U.S.C. § 1367, the court declines supplemental jurisdiction over McGee's state-law claims, which are **DISMISSED without prejudice**.

The R&R is ADOPTED in all other respects, namely:

The claims against defendants Burkage, Yates, Lumas, "Staff Attorneys", Lappin, Martinez, Tollackson and Dodrill are **DISMISSED without prejudice for lack of personal jurisdiction and lack of proper venue.**

All other federal-law claims against all other defendants are **DISMISSED with prejudice** because they fail to state a claim on which relief can be granted, within the meaning of FED. R. CIV. P. 12(b)(6) and 28 U.S.C. § 1915(a)(2)(B)(ii) and (iii), and because they are frivolous and malicious within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I).

This dismissal **SHALL COUNT AS A STRIKE** for purposes of 28 U.S.C. § 1915(g).

Because this court previously dismissed McGee's complaints in Case No. 1:2004-cv-222 and Case No. 5:2004-cv-55, this **SHALL COUNT AS THE THIRD STRIKE** against McGee, and he shall be subject to 28 U.S.C. § 1915(g)'s restriction on further civil filings.

This is a final order.

Per 28 U.S.C. § 1915(a)(3), an appeal by McGee would be frivolous and in bad faith.

This case is **TERMINATED** and **CLOSED**.

**IT IS SO ORDERED this 31st day of March 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge