UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ALLEN MCGEE #10511-040,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:08-cv-154

HONORABLE PAUL L. MALONEY

Magistrate Judge Joseph G. Scoville

## **OPINION and ORDER**

**Affirming the Magistrate Judge's July 20, 2009 Order**
**(Granting IFP Status for Appeal, and Directing Prison to Collect and Remit Funds)**

In March 2009, this court dismissed federal prisoner Steven Allen McGee ("McGee")'s 42 U.S.C. § 1983 action and declined to issue a certificate of appealability. *See McGee v. US*, No. 1:2008-cv-154, Doc. 88, 2009 WL _____ (W.D. Mich. Mar. 31, 2009) (Maloney, C.J.). On May 5, 2009, McGee filed a notice of appeal, *see* Doc. 96, and on May 19, 2009 the Sixth circuit assigned Case Number 09-1617. Also in May 2009, this court denied McGee's motion to vacate and other miscellaneous motions filed by McGee. *See McGee v. US*, No. 1:2008-cv-154, Doc. 96, 2009 WL _____ (W.D. Mich. May 11, 2009) (Maloney, C.J.).

On June 3, 2009, the Magistrate Judge sent a deficiency order to McGee, advising that the appeal would be dismissed if he failed to pay the filing fee or submit papers sufficient for IFP status, *see* Doc. 99. On July 9, 2009, McGee filed his response to the deficiency order, as well as a motion for IFP status on appeal, *see* Docs. 100 and 101. On July 2009, Magistrate Judge granted McGee's

motion for *in forma pauperis* status on appeal, requiring him to pay the entire $455 filing fee but following 28 U.S.C. § 1915(b)(2)'s schedule of installments: an initial partial filing fee of $28.71, then a monthly payment equal to 20% of the income credited to McGee's prison trust account in the preceding month (so long as the balance in his account is at least $10). *See* Magistrate Judge's Order of July 20, 2009 (Doc. 102) at 1-2.

McGee first asserts that the determination of *in forma pauperis* status is a case-dispositive matter. Therefore, McGee contends, an *in forma pauperis* determination must be referred to the Magistrate pursuant to 28 U.S.C. § 636(b)(1)(A) – which calls for a mere Report and Recommendation, which is subject to *de novo* review by district judge upon timely specific objection. This motion, argues McGee, cannot be referred pursuant to 28 U.S.C. § 636(b)(1)(B), which calls for the Magistrate to rule directly on a nondispositive matter, subject only to deferential clear-error review by the district judge. McGee argues as follows,

> The denial of an *in forma pauperis* order being the functional equivalent of an involuntary dismissal and . . . outside the scope of a Magistrate's authority, *de novo* review by the District Judge himself is required of Magistrate Judge Scoville's pretrial order pursuant to § 636(b)(1)(A). *See Woods v. Dalberg*[,] 894 F[.]2d 184 (6th Cir. 1990).

McGee's Appeal at 1.

The court concludes that McGee is right up to a point. The *Woods* panel held that "[al]though section 636(b)(1)(A) does not specifically reference [sic] a motion to proceed *in forma pauperis*, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority." *Woods*, 894 F.2d at 187 (footnote 1 omitted). But McGee still fails to show that *de novo* review is required here. *Woods* manifestly did not hold that an order determining IFP status is subject to *de novo* review upon objection. What *Woods* actually held was narrower and more nuanced:

> A district judge is free to refer a motion or pauper status to the magistrate, and *if the decision is to grant such a motion, the magistrate may enter such an order.* If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action [pursuant to] 28 U.S.C. § 636(b)(1)(B).
>
> [footnote 2] We note that the application to proceed in forma pauperis (AO Form 240, Rev. 6/86) is consistent with our conclusion in that it provides a signature line for a magistrate to sign the order if the petition is granted but, if the petition is denied, the signature line on the order references [sic] only the district judge.

*Woods*, 894 F.2d at 188 with n.2 (emphasis added). Here Magistrate Judge Scoville *granted* McGee's order, so under *Woods* his order is treated as a ruling on nondispositive matter and governed by 28 U.S.C. § 636(b)(1)(A).

Accordingly, this court may disturb the order only if it was "'clearly erroneous or contrary to law.'" *Marr v. Foy*, 2008 WL 5111849, *3 (W.D. Mich. Dec. 3, 2008) (Maloney, C.J.) (affirming Magistrate Judge's denial of prisoner's motion for appointment of counsel in section 1983 action) (citing 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a)); *see also* W.D. MICH. LCIVR 72.3(a), Appeal of Nondispositive Matters.

This court will find a magistrate's legal conclusion to be "contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kovats v. State of Michigan*, 2008 WL 2095423, *1 (W.D. Mich. May 16, 2008) (Maloney, J.) (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174, 179 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

This court will find a magistrate's factual finding to be "'clearly erroneous when, although there may be evidence to support it, the . . .court, [considering the entire evidence], is left with the definite and firm conviction that a mistake has been committed.'" *NEFT, LLC v. Border States Energy, LLC*, 297 F. App'x 406, 408 (6th Cir. 2008) (Richard Allen Griffin, J.) (quoting *US v. Ellis*,

497 F.3d 606, 611 (6th Cir. 2007)); *see also Sawyer v. Whitley*, 505 U.S. 333, 346 n.14 (1992) (Rehnquist, J.) (discussing *US v. US Gypsum Co.*, 333 U.S. 364, 395 (1948)'s statement of the clear-error standard, which FED. R. CIV. P. 52(a) applies to appellate review of a judge's factual findings in a civil case). This court's review of a Magistrate Judge's factual findings on a 28 U.S.C. § 636(b)(1)(A) referral is even more deferential than its review of her legal conclusions. *Burket v. Hyman Lippitt, P.C.*, 2006 WL 2309843, *2 (W.D. Mich. Aug. 9, 2006) (citing, *inter alia*, *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (Enslen, J.)).

> On the merits, McGee states that he seeks reversal of
>
> Magistrate Judge Scoville's determination that filing fee payments are due from the funds being borrowed and deposited in Plaintiff McGee's inmate account. McGee asserts that he is completely indigent, other than funds being borrowed to pay his legal expenses, and therefore, that the provisions of 28 USC 1915(b)(4) apply to the circumstances of his case.

McGee's Appeal at 2. In turn, section 1915(b)(4) provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." But McGee does not show that the Magistrate Judge misinterpreted or misapplied the actual current *law* in any way. As judges are obligated to do so, Magistrate Judge Scoville applied 28 U.S.C. § 1915(b)(2)'s directives regarding the calculation of both the initial partial filing fee and the subsequent monthly payments proportional to the preceding-month prison-account income. McGee points to no statute or other authority which empowers a federal judge to refuse to apply an unambiguous federal statute because the judge personally believes it is unfair or illogical to count borrowed funds that are deposited into a party's prison trust account. The court finds no statute or judicial decision in our Circuit which authorizes the court to conduct an indigency analysis while ignoring funds which were

admittedly deposited into a prisoner's trust account but which the prisoner borrowed.

McGee next attempts to raise constitutional arguments which he never raised before the Magistrate Judge. First, he asserts, without citation to authority, that 28 U.S.C. § 1915(b)(1) and (2) are unconstitutional because they unduly burden indigent people's access to the federal courts, and because they deny equal protection to indigent prisoners, who should be treated as a suspect class despite acknowledged Sixth Circuit precedent to the contrary. *See* McGee's Appeal at 2-3. Because McGee did not raise these arguments before the Magistrate Judge, *see* Doc. 100 (response to appeal-fee deficiency order) and Doc. 101 (application for IFP status on appeal), he may not raise them now. "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, 2009 WL 3644801, *3 (W.D. Mich. Oct. 30, 2009) (quoting *Greenhow v. US*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd on other grounds sub nom. US v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (*en banc*)). Moreover, "'[i]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments.'" *Kita v. SSA*, 2009 WL 1464252, *2 (W.D. Mich. May 18, 2009) (quoting *Burden v. Astrue*, 588 F. Supp.2d 269, 279 (D. Conn. 2008) ("Regarding Burden's new argument that her headaches are debilitating because they would lead to an unacceptable number of absences for any employment for which she is qualified, this argument is waived because Burden never raised it prior to her Objection to the [R&R].")).[1]

---

[1]

*See also King v. Zamiara*, 2009 WL 1067317, *1 (W.D. Mich. Apr. 21, 2009) (Bell, J.) ("Because Defendants failed to raise this argument before the Magistrate Judge, they will be deemed to have waived it.");

*Mitchell v. Washtenaw Cty.*, 2009 WL 909581, *4 (E.D. Mich. Mar. 31, 2009) (Lawson, J.)

McGee next complains that the Magistrate Judge lacked authority to order him to "personally pay" the initial partial filing fee. This is because, according to McGee, 28 U.S.C. § 1915(b)(1)

> states only that:
>
> > "the court shall assess, and, where funds exist, collect as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the gr[e]ater of . . . ."
>
> Nothing in the statute of § 1915 states that the inmate *personally* has to forward the initial partial filing fee to the court, which would be impossible in any case.[;] rather, the statute pointedly requires the court itself to "assess and collect" the funds from the inmate's trust account. Apparently Magistrate Judge Scoville and the District Court are under the mistaken impression that federal inmates, in their beautiful ClubFed facilities, have checkbooks for their inmate accounts, and can just zip off a check to the court at a moment's notice.
>
> That is certainly not the case, as inmates generally can only draw down their inmate accounts, as in the former monopolized "company stores", to purchase items from the sanctioned BOP commissary stocked with items vended by prison-industry investors (such as Judges, Congressmen, see O'Keefe & the Bush family).
>
> Magistrate Judge Scoville's order is therefore in error in demanding payment of the initial partial filing fee personally from Plaintiff, and in premising a dismissal of the case on a failure to comply with his unauthorized demand. Pursuant to 28 USC 1915, it is clearly the District Court's responsibility to assess and collect the filing fee from the BOP, although it would seem problematical for the District Court to assume jurisdiction to require the BOP to collect funds, after having already held in this case that *the court has no jurisdiction over the BOP defendants*. [citing Docs. 88-90]

---

("Because the Defendants did not raise the collateral estoppel argument in their motion before the magistrate judge, they have waived it.");

*Sheets v. Astrue*, 2008 WL 3895515, *1 (S.D. Ohio Aug. 22, 2008) (Marbley, J.) ("Sheets also argues that the [ALJ] failed to say what listings were applicable or why Sheets did not meet any listing either individually or in combination. [But] this argument was not raised . . . before the Magistrate Judge and therefore is waived.");

*Hennessy v. CIR*, 2007 WL 4357755, *2 (E.D. Mich. Dec. 5, 2007) (Steeh, J.) ("Petitioners object to the [R&R,] stating that the IRS failed to comply with the notice requirements of 26 C.F.R. § 1.6001-1(d) and that . . . . These objections have been waived as these issues were not raised before the Magistrate Judge.").

McGee's Appeal at 3-4. This argument is specious, to say the least. McGee points to no case law, and the court finds none, which interprets "collect" or a similar term in a way which requires the collecting party to personally do every physical action necessary to have the debtor's funds withdrawn from the debtor's account and paid to the collecting party, with no physical action or assistance permissible from the debtor himself, whether a prisoner or otherwise. Moreover, McGee identifies no example of any federal prison asserting that a federal district court lacks jurisdiction or authority to direct it to withdraw funds from a prisoner's trust account and remit them to the court. Neither the record in this case, nor the court's experience in hundreds of other IFP prisoner cases, suggests that the officials in charge of McGee's prison have any intention of discontinuing their routine, constant cooperation with the courts in such mundane financial transactions. The common-sense ordinary meaning of "collect" contains no implicit exclusion of action by the person who owes the amount to be collected.

Next, McGee expresses his opinion that the Prison Litigation Reform Act ("PLRA")'s rules governing claims of indigency and filing-fee payments for IFP litigants had as one of its "major purposes" the "crippling" of prison litigation, "as has been noted by many astute observers." McGee's Appeal at 3. Absent a showing of constitutional infirmity, his court lacks authority to disobey statutes enacted by Congress based on any person's belief or speculation as to the motives of those who enacted the statute.

Finally, McGee spends the remainder of his appeal arguing that the court should have issued a certificate of appealability. *See* McGee's Appeal at 4-5. He reasons that he has a colorable argument on appeal that any applicable statute of limitations was tolled by the alleged unlawful removal of documents related to suppression motions – a removal, he continues to maintain, which was carried out by judges and/or employees of this Court and its Clerk's Office. *See id.* at 5-10.

McGee has made this assertion throughout these proceedings, and a supposed appeal from a Magistrate order granting him IFP status, after the dismissal of his complaint and the closure of the case, is not a proper vehicle for him to reiterate them again.

In short, even treating the Magistrate's IFP order as a recommendation and applying *de novo* standard of review, the court would overrule McGee's objections and adopt the IFP order. *A fortiori*, the court must affirm the Magistrate's IFP order under the more-deferential standard of review which applies to this section 636(b)(1)(A) matter. McGee has shown no clearly-erroneous factual findings, and no legal determinations that were contrary to the law, in the Magistrate's IFP decision and order.

## **ORDER**

The plaintiff's appeal [doc. #105] is **REJECTED**.

The Magistrate Judge's July 20, 2009 ruling regarding IFP status on appeal and payment of the appellate filing fee in installments [doc. # 102] is **AFFIRMED**.

**IT IS SO ORDERED** on this  8th  day of February 2010.

                                              /s/ Paul L. Maloney
                                              Honorable Paul L. Maloney
                                              Chief United States District Judge